892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dale SELF, Tina Annette Batson and Norma Thiel,
Defendants-Appellants.
 Nos. 89-10135 to 89-10137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1989.
Decided Dec. 21, 1989.
 
 Before SCHROEDER, NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roger Self, Tina Batson and Norma Thiel were all convicted of related drug offenses and here challenge their sentences imposed pursuant to the sentencing guidelines.
 
 
 3
 Self contends that the district court abused its discretion in denying his request for a downward departure. He urged that he was only a minor or minimal participant in the criminal conduct. Self did not, however, make any specific factual assertions which would have contradicted the presentence report. The supplemental report which the district court requested, showed that Self was equally culpable with most of the codefendants in distributing a large amount of methamphetamine. The record does not support Self's contention that the district court refused even to consider his request for a downward departure. Instead, the record shows that the court first requested a supplemental report in order to take into account Self's request, and then followed the recommendation of the supplemental report.
 
 
 4
 Appellant Thiel's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which considers a number of arguable grounds for reversal. These grounds are, however, without merit. Thiel's role in the sales was limited, but pivotal, and other participants' less severe sentencing was justified by the record. Thiel was not entitled to credit towards service of this sentence by virtue of the time she previously had spent in a halfway treatment facility. Credit is available only where the defendant has spent time "in custody." 18 U.S.C. § 3585.
 
 
 5
 Appellant Batson's sentencing appeal is more troublesome. Although she pleaded guilty to only one count, of a multicount indictment, which involved the distribution of only three and one-half grams of methamphetamine, the district court aggregated all of the sales in which the sentencing report found she had participated. After being given credit for acknowledging her responsibility, she was sentenced under a total offense level of "14," instead of the level of "10" to which she argued she was entitled. Her 15-month sentence was therefore above the guideline range of 6 to 12 months for which she claims she was entitled.
 
 
 6
 This court has recently held that drugs may not be aggregated in a manner which takes into account transactions for which the defendant was not convicted. United States v. Restrepo, 883 F.2d 781 (9th Cir.1989). Although the government points out that there is contrary authority, see, e.g. United States v. Blanco, 89-1450 (1st Cir. Nov. 7, 1989); United States v. White, 89-1313 (7th Cir. Oct. 25, 1989), the government correctly concedes that this panel is bound by Restrepo and that precedent requires that the defendant's sentence be vacated and the matter remanded for resentencing.
 
 
 7
 There is an additional reason for vacating the sentence in Batson's case, wholly independent of our decision in Restrepo. Batson's counsel at the time of sentencing objected to the aggregation, pointing out that there was no basis for taking into account the transactions to which the defendant had not pleaded guilty. Counsel contended that those transactions were unrelated for purposes of sentencing.
 
 
 8
 Section 6A1.3(b) of the Sentencing Guidelines provides:
 
 
 9
 The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Federal Rule of Criminal Procedure (effective November 1, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence.
 
 
 10
 The commentary to this section indicates that formality is required for the sentencing process to be "accurate and fair." Moreover, the commentary instructs that "disputes about sentencing factors must be resolved with care."
 
 
 11
 The record in this case reflects, however, that the district court may have misunderstood the basis for the defendant's objection. As a consequence, the court did not make any factual findings that would connect the subsequent transactions to the offense of conviction. See section 1B1.3(a) of the Guidelines, which holds in relevant part:
 
 
 12
 The conduct that is relevant to determining the applicable guideline range includes that set forth below.
 
 
 13
 (2) Chapters Two (Offense Conduct) and Three (Adjustments). Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, ... shall be determined on the basis of the following:
 
 
 14
 (1) Acts or omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or otherwise in the furtherance of that offense; ...
 
 
 15
 (2) Solely with respect to offenses of a character for which section 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction;
 
 
 16
 Thus, even if Restrepo were not the law of this circuit governing this case, Batson's sentence must be vacated.
 
 
 17
 The judgments appealed in Thiel and Self are affirmed. The judgment of sentencing in Batson is vacated and the matter remanded for resentencing. The mandate in the Batson appeal, No. 89-10136, shall issue forthwith.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3